IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                         Cr. No. 15-4268 KG

ANGEL DELEON, et al.,

    Defendants.

## CONSOLIDATED ORDER UNSEALING HEARING

This matter comes before the Court on the United States' Sealed Motion to Unseal Court Hearing (Motion), filed February 29, 2016. (Doc. 290), filed in Cr. No. 15-4268 KG; (Doc. 52), filed in Cr. No. 15-4269 KG; (Doc. 38), filed in Cr. No. 15-4275. The United States seeks to unseal the March 3, 2016, hearing set in this matter so that victims or their next of kin may attend. Defendants Gerald Archuleta, Roy Martinez, Ruben Hernandez, Eugene Martinez, Allen Patterson, Robert Martinez, and Mauricio Varela do not the oppose the Motion. *Id.* at 1. Defendants Edward Troup, Javier Alonso, Joe Gallegos, David Calbert, Christopher Garcia, and Joe Gallegos oppose the Motion because the Court will not allow Defendants to be present at the hearing. *Id.* Defendants Anthony Baca, Arturo Garcia, and Billy Garcia do not oppose the Motion if all the pleadings related to the hearing are unsealed and Defendants are allowed to be present at the hearing. *Id.* Defendant Daniel Sanchez does not oppose the Motion if the Court allows him to be present at the hearing. (Doc. 294), filed in Cr. No. 15-4268 KG. Defendant Daniel Sanchez notes, however, that "if the pleadings related to the hearing were unsealed, independent grounds existed to either redact or seal Exhibit A to the defense opposition (Doc. 281-1)." *Id.* at 2.

It is well-established that there is a presumption of openness in criminal trials.  *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980).  In fact, the First Amendment of the United States Constitution protects the public's right to attend criminal trials.  *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).  "The Supreme Court has applied a qualified version of this First Amendment right to attend certain pre-trial proceedings in criminal cases which historically have been, and logically should be, open to the public, allowing access except where closure is essential to serve a higher interest and where closure is narrowly tailored." *Id.*  This is essentially "a balancing test, which requires the courts to balance the benefits to the public of opening the proceedings weighed against the costs to the public of opening the proceedings." *In re Documents 1, 2, 3 Search Warrant & Supporting Affidavits Relating to Kaczynski*, 1996 WL 343429, at *1 (D. Mont.).  *See also McVeigh*, 119 F.3d at 811 (referring to First Amendment balancing test).

Applying the presumption of openness and considering the pending situation before the Court, the Court determines that the benefits to the public of opening the hearing outweigh any "higher interest" in sealing the hearing.  Consequently, the Court unseals the March 3, 2016, hearing.

IT IS ORDERED that the United States' Sealed Motion to Unseal Court Hearing (Doc. 290), filed in Cr. No. 15-4268 KG; (Doc. 52) filed in Cr. No. 15-4269 KG; and (Doc. 38), filed in Cr. No. 15-4275 is granted and the March 3, 2016, hearing is unsealed.

_____
UNITED STATES DISTRICT JUDGE